Eastern Dis'ct
*April,* 1827.

OVERTON
*vs.*
GERVAIS

</div>

---

### PRIOU vs. ADAMS.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff appeals from a judgment of non-suit: the evidence he offered having been rejected:

His action is grounded on an authentic act. A copy offered was rejected, because the act did not appear to have been subscribed by Peter d'Aspit, the parish judge before whom it purports to have been exe. cuted.

It appears that H. Knoblock and Lewis A. d'Aspit, were the witnesses: and the act

<div style="text-align:right">

An act which has not the signature of the notary or parish judge, is not authentic.

</div>

has the signatures of the parties, and of Knoblock—and L. A. d'Aspit adds the word "*Judge*," to his signature. It is, therefore, clear that the instrument wanting the signature of *Peter* d'Aspit, the parish judge, is not an authentic one, and the notarial copy does not render it so; nor its being entered on the minutes of the office: and the district judge did not err in rejecting the copy.

The plaintiff next offered in evidence, the original of this act, which was objected to as not being an authentic copy, but an original record. The objection was sustained, and the plaintiff took a bill of exceptions.

To complain of a creditor who offers an original title, instead of a copy, is to complain that the evidence is too strong. The copy is evidence, only because it is impossible or very inconvenient to bring the original. This point was determined upwards of ten years ago, by this court, in the case of *Brandon* vs *Pollock & al.* 5 *Martin*, 613. We there held, that originals from a notary's office could not be refused, because they ought to have remained there, and copies should have been taken.

EasteruDis'ct
*April,* 1827.

PRIOU
*vs.*
ADAMS.

But the rejection of the document was not erroneous, although made on erroneous ground. The plaintiff had declared on an authentic act, and ought not to be permitted to produce a private one; at all events, without praying its execution—and the defendant ought to have had notice, in order to prepare himself with proof to meet that of the plaintiff.

It is said, that the act being written on the notary's book, must be considered as registered. Be it so; but the registry does not make a private act an authentic act.— This has been determined more than once.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Augustin* for the plaintiff, *Wheeler* for the defendant.